2/27/2023 4:09 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 73157348
By: Joshua Hall
Filed: 2/27/2023 4:09 PM

# CAUSE NO. _____

| | | |
|---|---|---|
| CRYSTAL MANNING as next friend of L.D., a minor, MARIAHLEE MANSAW as next friend of P.M., a minor, MELISSA HOLLINS as next friend of D.H., a minor, as wrongful death beneficiaries of BILLIE DAVIS, deceased, and RUBY LEE DAVIS, individually and as representative of the estate of BILLIE DAVIS, deceased, *Plaintiffs* | § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT OF<br><br><br><br><br>HARRIS COUNTY, TEXAS |
| VS. | | |
| LASALLE CORRECTIONS LLC d/b/a LASALLE CORRECTIONAL CENTER, HARRIS COUNTY, and HARRIS COUNTY SHERIFFS OFFICE *Defendants* | | \_\_\_\_TH JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs, CRYSTAL MANNING as next friend of L.D., a minor, MARIAHLEE MANSAW as next friend of P.M., a minor, MELISSA HOLLINS as next friend of D.H., a minor, as wrongful death beneficiaries of BILLIE DAVIS, deceased, and RUBY LEE DAVIS, individually and as representative of the estate of BILLIE DAVIS, deceased, complaining of Defendants, LASALLE CORRECTIONS LLC d/b/a LASALLE CORRECTIONAL CENTER, HARRIS COUNTY, and HARRIS COUNTY SHERIFFS OFFICE (collectively "Defendants") and for cause of action would respectfully show unto this Honorable Court the following:

### I. DISCOVERY PLAN

1.1. Plaintiffs request that this lawsuit be governed by Discovery Plan Level III pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

### II. PARTIES

**EXHIBIT C**

2.1. Plaintiff, Crystal Manning, is an individual residing in Fort Bend County, Texas. Plaintiff, Crystal Manning brings claims as next friend of L.D., minor child of Billie Davis, deceased. Ms. Manning and L.D. reside in Fort Bend County, Texas.

2.2. Plaintiff, Mariahlee Mansaw, is an individual residing in Kansas. Plaintiff, Mariahlee Mansaw brings claims as next friend of P.M., minor child of Billie Davis, deceased. Ms. Mansaw and P.M. reside in Kansas.

2.3. Plaintiff, Melissa Hollins, is an individual residing in Fort Bend County, Texas. Plaintiff, Melissa Hollins brings claims as next friend of D.H., minor child of Billie Davis, deceased. Ms. Hollins and D.H. reside in Fort Bend County, Texas.

2.4. Plaintiff, Ruby Lee Davis is an individual residing in Galveston County, Texas. Plaintiff Ruby Lee Davis is the mother of Billie Davis and brings claims individually and as representative of the estate of Billie Davis, deceased.

2.5. Defendant, LaSalle Corrections LLC d/b/a LaSalle Correctional Center ("Defendant LaSalle") is a Texas limited liability company. Upon information and belief, Defendant, LaSalle Corrections LLC d/b/a LaSalle Correctional Center transported Billie Davis from Harris County to LaSalle Correctional Center in LaSalle Parish, Louisiana where he passed away. Defendant LaSalle operates jails in Louisiana, Texas, New Mexico, and Georgia. Defendant LaSalle has a long history of wrongful death, violence, abuse, and neglect at their correctional facilities. Defendant may be served with process through its registered agent, Tim Kurpiewski, at 26228 Ranch Road 12 Dripping Springs, Texas 78620 or wherever he may be found.

2.6. Defendant, Harris County, is a governmental unit of the State of Texas. Harris County may be served with process by serving its County Judge, The Honorable Lina Hidalgo at 1001 Preston, Suite 911, Houston, Texas 77002, or wherever she may be found.

EXHIBIT C

2.7. Defendant, Harris County Sheriffs Office, is a governmental unit of the State of Texas and operates the Harris County Jail. The Harris County Sheriffs Office may be served with process by serving its Sheriff, the Honorable Ed Gonzalez, at 1200 Baker Street, Houston, Texas 77002, or wherever he may be found.

### III. VENUE AND JURISDICTION

3.1. This Court has original jurisdiction over this civil action because Plaintiffs seek damages in an amount exceeding the Court's minimum jurisdictional limits. Each cause of action is brought pursuant to Texas statute or common law, or 42 U.S.C. § 1983, for which a state court has jurisdiction pursuant to the U.S. Supreme Court. *Howlett v. Rose*, 469 U.S. 356 (1990).

3.2 Venue is proper pursuant to Texas Civil Practices & Remedies Code §15.002(a)(1) in Harris County, Texas because the acts or omissions giving rise to the event took place in Harris County, Texas.

3.2. Jurisdiction is proper in this Court and the amount in controversy is within the jurisdictional limits of this Court.

### IV. CONDITION PRECEDENT

4.1 Plaintiffs have complied with the notice requirements and all other provisions of the Texas Civil Practice and Remedies Code Chapter 101. Defendants Harris County and Harris County Sheriffs Office have received timely notice of this tort claim pursuant to Texas Civil Practice and Remedies Code § 101.101.

### V. FACTS

5.1 In February 2021, Mr. Davis was arrested and incarcerated in Harris County Jail located at 701 N San Jacinto Street Houston, Texas 77002 for a relatively minor charge. Due to overcrowding, he was transferred to LaSalle Correctional Center, a private facility in La Salle

EXHIBIT C

Parish, Louisiana. While at LaSalle Correctional Center, he received serious and life-threatening injuries. On March 1, 2022, he was found unresponsive in an administrative segregation cell. Plaintiff ultimately died as a result of the injuries he received at Harris County Jail and LaSalle Correctional Center. Mr. Davis died from injuries suffered at LaSalle Correctional Center as a result of the fault and deliberate indifference of Defendants.

5.2  The funeral home contacted the family, reporting suspicious looking bruises and other anomalies to the body. Reports also concluded that Mr. Davis had multiple missing teeth that were in his mouth at the time of his incarceration. The jail has not provided any explanation for his death.

5.3  Upon information and belief, Mr. Davis suffered extreme abuse, excessive use of force, beatings, neglect, and ultimately death while in custody at LaSalle Correctional Center. Further, upon information and belief, Defendant LaSalle picked up Mr. Davis from Harris County Jail and transported him to LaSalle Correctional Center.

5.4  LaSalle Correctional Center in LaSalle Parish has been the subject of numerous lawsuits and investigations as the result of the culture they created. There have been numerous deaths, beatings, and other violations at their facilities, yet no recourse has been made.

5.5  The same year Mr. Davis was killed at LaSalle Correctional Center, it was revealed that LaSalle Corrections had been the subject of no less than nine stories of wrongful death lawsuits, class action lawsuits over forced hysterectomies, wrongful injury lawsuits, violations of Department of Labor requirements, falsification of records, inadequate employee training, among others.[1]

---

[1] https://louisianavoice.com/2021/02/07/lasalle-corrections-already-pounded-in-several-lawsuits-hit-by-one-400k-settlement-and-another-lawsuit-so-far-this-year/

EXHIBIT C

5.6     Some notable incidents in LaSalle facilities include a January 23, 2014, incident in which an inmate was found unresponsive at the Richwood Correctional Center, one of Defendant LaSalle's facilities.[2] The inmate had complained of chest discomfort, headaches, and pain for about a month before his death, and that LaSalle failed to provide the inmate with timely and adequate medical care and treatment. On the day that Williams was found unconscious, he was pronounced dead upon his transfer to University Health Conway in Monroe.

5.7     Another incident occurred on July 17, 2018, when an inmate at the Bi-State Justice Building in Texarkana alleged he was beaten, abused, and neglected by LaSalle staff so severely that he suffered acute renal failure, severe dehydration, blunt force trauma causing ischemic colitis, facial fractures, rib fractures, muscle loss, sepsis, pneumonia, blood clots, and hyperkalemia.[3]

5.8     Another lawsuit against LaSalle came to fruition when an inmate was placed in an isolation cell with a "problematic inmate".[4] The two were involved in an altercation that lasted 18 minutes, and the victim was last seen alive on video at 5:22 pm before his seemingly lifeless body was dragged from the cell at 6:08 pm. The inmate was transported to a local hospital where he was later pronounced dead.

5.9     Clearly, there is a history and culture of abuse, neglect, beatings, and even killings at LaSalle facilities. There is such a continuous pattern of abuse that all city, county, and state entities should be on notice that when inmates are transferred to these facilities, they are putting their inmates lives in extreme danger.

## VI.     CAUSES OF ACTION

### a. *Negligence of Defendant LaSalle*

---

[2] *Williams v. LaSalle Correctional Center L.L.C.*, 217 So.3d 1219 (2017).
[3] *Jones v. Southwestern Correctional, LLC, et al,* 2019 U.S. Dist. (Texarkana) (Pending).
[4] *White v. LaSalle Corr., Inc.*, 2017 U.S. Dist. LEXIS 40971*.

EXHIBIT C

6.1     Mr. Davis was under the care and supervision of Defendant LaSalle when his untimely death occurred. As the entity that is tasked with watching over its inmates, it should be assumed that the facility is a safe and monitored place for incarceration. Defendants owed an undeniable duty to provide Mr. Davis with a safe and secure place to serve his sentence and had or assumed a duty to exercise reasonable care in executing such duties. Defendants failed to exercise reasonable care, and such failure was negligent and a proximate cause of the incident in question and resulting damages to Plaintiffs.

6.2     Defendant LaSalle was negligent by each of the following acts and/or omissions, among others to be proven at trial. Taken singularly or combined, these acts and/or omissions constitute negligence by Defendant LaSalle and were a proximate cause of the incident in question and resulting damages to Mr. Davis and Plaintiffs. These acts include, but are not limited to, the following:

   a. Negligent hiring of guards;
   b. Negligent training of guards;
   c. Developing policies and a culture of allowing guards to murder inmates;
   d. Developing policies and a culture of allowing guards to beat inmates;
   e. Allowing inmates to beat each other;
   f. Failing to provide adequate medical care to inmates;
   g. Failing to respond when inmates are being beaten;
   h. Failing to respond when inmates need medical assistance;

6.3     Defendant LaSalle failed to exercise reasonable care, and such failure was negligent and a proximate cause of the incident in question and resulting damages to Plaintiffs.

   b.     *42 U.S.C. § 1983 – Defendant LaSalle*

EXHIBIT C

6.4     Based on the allegations in this Complaint, Defendant LaSalle is liable under 42 U.S.C. § 1983 for violating Mr. Davis's rights under the Fourth, Eighth, and Fourteenth Amendment to the United States Constitution. This includes depriving Mr. Davos of this Fourteenth Amendment right to adequate medical care.

6.5     Based on the allegations in this Complaint, Defendant LaSalle further deprived Mr. Davis of life and liberty without due process. Defendant LaSalle further created a policy of cruel and unusual punishment.

6.6     This policy of brutality, excessive force, deprivation of liberty without due process, and cruel and unusual punishment demonstrates a conscious indifference to the clearly established constitutional rights secured to any person under the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States. The foregoing policies were the producing and proximate causes of Plaintiffs' damages.

   *c.     42 U.S.C. § 1983: Failure to Properly Train – Defendant LaSalle*

6.7     Defendant LaSalle failed to adequately train its employees in the following areas:

   a.   Proper escalation of force;

   b.   the use of excessive force;

   c.   the illegality of excessive force;

   d.   the constitutional limits of the use of force;

   e.   the necessary and proper limits of force in a tense situation;

   f.   how to negotiate with an unwell inmate;

   g.   use of lethal force;

   h.   how to avoid using lethal force;

   i.   appropriate de-escalation;

EXHIBIT C

j.     avoiding cruel and unusual punishment;

k.     avoiding attacks between inmates;

l.     de-escalation of attacks between inmates;

m.     monitoring inmates;

n.     classifying inmates; and,

o.     avoiding interference with the parent-child relationship by avoiding killing fathers of young children.

6.8     The policy of failing to adequately train its employees shows a conscious indifference to the rights secured by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States to Mr. Davis. Defendant LaSalle's failure to properly train its employees is so reckless that misconduct by its employees was inevitable. The policy of inadequate training was a producing and proximate cause of Plaintiffs' injuries and is so pervasive as to have the force of law.

### d. *Negligence of Defendants Harris County and Harris County Sheriff's Office*

6.9     Mr. Davis was under the care and supervision of Defendants Harris County and Harris County Sheriff's Office prior to being transferred to LaSalle Correctional Center. Defendants owed an undeniable duty to provide Mr. Davis with a safe and secure place to serve his sentence and had or assumed a duty to exercise reasonable care in executing such duties.

6.10     Defendants Harris County and Harris County Sheriffs Office were negligent by each of the following acts and/or omissions, among others to be proven at trial. Taken singularly or combined, these acts and/or omissions constitute negligence by Defendants Harris County and Harris County Sheriffs Office and were a proximate cause of the incident in question and resulting damages to Mr. Davis and Plaintiffs. These acts include, but are not limited to, the following:

EXHIBIT C

    a.     Allowing Mr. Davis to be transferred to LaSalle Correctional Center despite having knowledge or should have knowledge of the number of deaths and injuries occurring in LaSalle facilities;

    b.     Failure to take reasonable steps to prevent Mr. Davis from receiving serious and life-threatening injuries at LaSalle Correctional Center;

    c.     Failure to carry out functions of keeping Harris County Jail from overcrowding, resulting in transferring Mr. Davis to LaSalle Correctional Center; and,

    d.     Other reasons that may be realized after discovery has commenced.

6.11     Defendants failed to exercise reasonable care, and such failure was negligent and a proximate cause of the incident in question and resulting damages to Plaintiffs.

## VII.   PUNITIVE DAMAGES

7.1     Plaintiffs hereby incorporate by reference, as if fully set forth herein, all preceding paragraphs.

7.2     Plaintiffs are entitled to punitive damages because Defendants' wrongful acts and omissions were wanton or in conscious disregard of the rights of others.

7.3     Plaintiffs contend that the acts and/or omissions of the Defendants, were such knowing and willful violation of Texas negligence laws to amount to malicious, willful, wanton, grossly negligent and/or reckless conduct. Said acts and/or omissions were negligent as a matter of law; and were the direct, proximate or otherwise, legal cause of Plaintiffs' injuries as such give rise to, and warrant, the imposition by a jury of significant punitive damages in an amount to the determined by the jury of no more than $10 million dollars against Defendants.

## VIII.   DAMAGES

    *a. Survival Damages*

8.1     Plaintiffs are entitled to and brings this action in such representative capacity pursuant to Title 4, Chapter 71, Subchapter B of the Texas Civil Practice and Remedies Code, the Texas Survival

EXHIBIT C

statute, and Plaintiffs' Crystal Manning as next friend of L.D., a minor, Mariahlee Mansaw as next friend of P.M., a minor, Melissa Hollins as next friend of D.H., a minor, are representatives of the heirs of Billie Davis. Further, Ruby Lee Davis is also an heir of Billie Davis.

8.2     Billie Davis would have been entitled to bring an action for his injuries had he lived.

8.3     As a direct and proximate result of the previously discussed negligent conduct of Defendants, Plaintiffs, on behalf of and as heirs of Billie Davis, suffered in each of the following ways and seek compensation for each of the following:

    a.    Past mental anguish suffered by Billie Davis;

    b.    Conscious pain and suffering suffered by Billie Davis before his death;

    c.    Pre-death fright of Billie Davis;

    d.    Fear of death suffered by Billie Davis;

    e.    Pre-death pain, either emotionally and/or physically suffered by Billie Davis;

    f.    Funeral and burial expenses suffered by Billie Davis's estate;

    g.    Physical and/or mental pain and suffering suffered by Billie Davis;

    h.    Exemplary damages; and,

    i.    Death.

### *b.     Wrongful Death*

8.4     Plaintiffs bring this action in their capacity as surviving children and wrongful death beneficiaries under §71.004 of the Texas Civil Practice & Remedies Code. Wrongful death beneficiaries may bring a suit even after three calendar months when an administrator for the decedent's estate has not been appointed at the time that the lawsuit is filed. *Trostle v. Trostle*, 77 S.W.3d 908, 913 (Tex. App.—Amarillo 2002); *Adkison v. Polaris Indus.*, Civil Action No. 3:18-cv-

EXHIBIT C

02014-M, 2020 U.S. Dist. LEXIS 6270, at *14 (N.D. Tex. 2020); *Morin v. Ford Motor Co.*, Civil Action No. 3:07-CV-1700-L, 2009 U.S. Dist. LEXIS 71746, at *10-11 (N.D. Tex. 2009).

8.5  As a direct and proximate result of the previously discussed negligent conduct of Defendants, Plaintiffs have experienced damages under §71.004 of the Texas Civil Practice & Remedies Code, including, but not limited to, the following:

    a.    Past mental anguish in the form of emotional pain, torment, and suffering experienced only by one who has suffered the loss of their father;

    b.    Future mental anguish in the form of emotional pain, torment, and suffering experienced only by one who has suffered the loss of their father;

    c.    Past physical pain;

    d.    Future physical pain;

    e.    Past medical expenses;

    f.    Future medical expenses;

    g.    Loss of inheritance and pecuniary loss; and

    h.    Loss of wage earning capacity sustained in the past.

8.6  Plaintiff reserves the right to plead additional and more specific damages in the future as more facts become known. Plaintiff seeks both past and future damages. Damages far exceed the minimum jurisdictional limits of this Court. Plaintiff seeks compensation from Defendant.

8.7  As such, Plaintiff affirmatively plead that she seeks monetary relief of over $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgement interest, and attorney fees; and a demand for all the other relief to which the party deems themselves entitled.

## IX.  RULE 193.7 NOTICE

9.1  Pursuant to Rule 193.7, Texas Rules of Civil Procedure, Plaintiffs intend to rely upon the authenticity of any document a Defendant produces in discovery.

EXHIBIT C

## X. JURY DEMAND

10.1 Plaintiffs demand a trial by jury to resolve all fact issues in this case and have paid the appropriate fee.

## XI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited to appear and answer herein, and that upon final trial hereof, Plaintiffs recover from said Defendants, jointly and severally, a sum within the jurisdictional limits of the Court, costs of Court, pre-judgment and post-judgment interest at the legal rate, and for any and all further relief, both general and special, legal and equitable to which Plaintiffs may be justly entitled.

Respectfully submitted,

**THE WEBSTER LAW FIRM**

By: */s/ Jason C. Webster*
    JASON C. WEBSTER
    State Bar No. 24033318
    HEIDI O. VICKNAIR
    State Bar No. 24046557
    CHRISTIAN TOVAR
    State Bar No. 24118561
    MAX EVAN FRY
    State Bar No. 24131983
    6200 Savoy Drive, Suite 150
    Houston, Texas 77036
    713.581.3900 (telephone)
    713.581.3907 (facsimile)
    filing@thewebsterlawfirm.com

    **ATTORNEYS FOR PLAINTIFFS**

EXHIBIT C

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jason Webster on behalf of Max Fry
Bar No. 24131983
filing@thewebsterlawfirm.com
Envelope ID: 73157348
Status as of 2/27/2023 4:54 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Jason C. Webster | | filing@thewebsterlawfirm.com | 2/27/2023 4:09:00 PM | SENT |

EXHIBIT C