**IN THE UNITED STATES DISTRICT**
**COURT SOUTHERN DISTRICT OF**
**TEXAS HOUSTON DIVISION**

| | | |
|---|---|---|
| **CRYSTAL MANNING as next friend of L.D., a minor, MARIAHLEE MANSAW as next friend of P.M., a minor, MELISSA HOLLINS as next friend of D.H., a minor, as wrongful death beneficiaries of BILLIE DAVIS, deceased, and RUBY LEE DAVIS, individually and as representative of the estate of BILLIE DAVIS, deceased,** *Plaintiffs*, **v.** | § § § § § § § § § § § § § § § § | Case No. 4:23-cv-01115 |
| **LASALLE CORRECTIONS LLC d/b/a LASALLE CORRECTIONAL CENTER, HARRIS COUNTY, and HARRIS COUNTY SHERIFFS OFFICE** *Defendants.* | | |

## PLAINTIFFS' SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs, CRYSTAL MANNING as next friend of L.D., a minor, MARIAHLEE MANSAW as next friend of P.M., a minor, MELISSA HOLLINS as next friend of D.H., a minor, as wrongful death beneficiaries of BILLIE DAVIS, deceased, and RUBY LEE DAVIS, individually and as representative of the estate of BILLIE DAVIS, deceased, complaining of Defendants, LASALLE CORRECTIONS, LLC., LASALLE CORRECTIONAL CENTER, LLC., SOUTHWESTERN CORRECTIONAL, LLC D/B/A LASALLE SOUTHWEST CORRECTIONS, LASALLE MANAGEMENT COMPANY and HARRIS COUNTY (collectively "Defendants") and for cause of action would respectfully show unto this Honorable Court the following:

1

# I.   PARTIES

## A. Plaintiffs

1.1   Plaintiff, Crystal Manning, is an individual residing in Fort Bend County, Texas. Plaintiff, Crystal Manning, brings claims as next friend of L.D., minor child of Billie Davis, deceased. Ms. Manning and L.D. reside in Fort Bend County, Texas.

1.2   Plaintiff, Mariahlee Mansaw, is an individual residing in Kansas. Plaintiff, Mariahlee Mansaw, brings claims as next friend of P.M., minor child of Billie Davis, deceased. Ms. Mansaw and P.M. reside in Kansas.

1.3   Plaintiff, Melissa Hollins, is an individual residing in Fort Bend County, Texas. Plaintiff, Melissa Hollins, brings claims as next friend of D.H., minor child of Billie Davis, deceased. Ms. Hollins and D.H. reside in Fort Bend County, Texas.

1.4   Plaintiff, Ruby Lee Davis, is an individual residing in Galveston County, Texas. Plaintiff, Ruby Lee Davis, is the mother of Billie Davis and brings claims individually and as representative of the estate of Billie Davis, deceased.

## B. Defendants

### 1. The Municipal Defendant

1.5   Defendant, Harris County, is a governmental entity and is a political subdivision of the State of Texas and is a "person" for purposes of 42 U.S.C. § 1983. Harris County is responsible for the inmates that are in its custody and maintains a non-delegable duty to reasonably safeguard the Constitutional rights of all inmates. All Harris County inmates are entitled to constitutional protection under the Fourth, Eighth and Fourteenth Amendments, including but not limited to the constitutional right adequate medical care and right to bodily integrity. Harris County may be served via its County Judge, the Honorable Lina Hidalgo at 1001 Preston, Suite 911, Houston, Texas 77002, or wherever she may be found.

2

1.6     On December 28, 2021, Defendant, Harris County, contracted with a private, for-profit correctional corporation, known as Southwestern Correctional, LLC. d/b/a LaSalle Southwest Corrections, LLC., LaSalle Corrections, and their parent company LaSalle Management Company LLC., to temporarily outsource Harris County prisoners to other detention facilities for the purpose of reducing the Harris County jail facilities' prisoner populations. This contract includes the obligation for the provision of medical care to inmates by LaSalle Correction, LaSalle Southwest d/b/a LaSalle Southwest Correction LLC., and LaSalle Management Company LLC. While Harris County may outsource the detention of its inmates it cannot contract-away its constitutional obligations and is liable for any unconstitutional corporate customs or polices that resulted in harm to any inmates in its charge.

## 2. The Corporate Defendants

1.7     Defendant Southwestern Correctional, LLC. d/b/a LaSalle Southwest Corrections, LLC (LaSalle Southwest) is a Texas Limited Liability Company doing business in this judicial district for purposes of profit. LaSalle Southwest is considered a "person" under 42 U.S.C. § 1983. LaSalle Southwest is an entity that had contracted with Harris County to transport inmates to facilities run by their corporate brothers as well as to their own facilities. LaSalle Southwest agreed to provide detention, care, and transport of certain county inmates detained under the authority of the sheriff, for the county's detention program. LaSalle Southwest agreed to provide county Inmates with on-site health care services under the control of a Health Authority. Defendant LaSalle Southwest by and through its employees, transported Billie Davis from Harris County to LaSalle Correctional Center in LaSalle Parish, Louisiana where he later passed away. According to the Texas Secretary of State, LaSalle Southwest's registered agent is Tim Kurpiewski at 26228 Ranch Road 12, Dripping Springs, Texas 78620. At all material times, this

defendant was acting under the color of state law. Regardless of its place of residence, the allegations against this defendant arise from its actions in the State of Texas and in this judicial district.

1.8    Defendant, LaSalle Corrections, LLC. (LaSalle Corrections) is a Louisiana Limited Liability Company. Defendant, LaSalle Corrections, is the owner and operator of LaSalle Correctional Center LLC. Billie Davis was under the care and supervision of LaSalle Correctional Center LLC., at the time of his untimely death. Defendant, LaSalle Corrections, operates jails in Louisiana, Texas, New Mexico, and Georgia, including LaSalle Correctional Center in Olla, LaSalle Parish, Louisiana. Defendant, LaSalle Corrections, has a long history of wrongful death, violence, abuse, and neglect at their correctional facilities. Defendant, LaSalle Corrections, can be served through serving its registered agent, William K. McConnell at 192 Bastille Lane, Suite 200, Ruston, Louisiana 71270.

1.9    LaSalle Correctional Center, LLC. (LaSalle Center) is a Louisiana Limited Liability Company. Defendant, LaSalle Center, is the owner and operator of LaSalle Correctional Center in LaSalle Parish.[1] Upon information and belief, Billie Davis was under the care and supervision of LaSalle Center at the time of his untimely death. Defendant LaSalle Center, operates jails in Louisiana, Texas, New Mexico, and Georgia, including LaSalle Correctional Center in Olla, LaSalle Parish, Louisiana. Defendant LaSalle Center has a long history of wrongful death, violence, abuse, and neglect at their correctional facilities. Defendant LaSalle Center can be served through its registered agent, William K. McConnell at 192 Bastille Lane, Suite 200, Ruston, Louisiana 71270.

1.10   LaSalle Management Company, LLC. (LaSalle Management) is a Louisiana Limited

---

[1] The Facility "LaSalle Correctional Center" in LaSalle Parish will be referred to as LaSalle Correctional Center.

4

Liability Company. LaSalle Management is doing business in this judicial district for the purpose of profit. LaSalle Management is considered a "person" under 42 U.S.C. § 1983 and is the parent company of LaSalle Southwest, LaSalle Corrections, as owner and operator of LaSalle Center, and LaSalle Center. It is responsible for ensuring that its subsidiaries meet their constitutional obligations. Defendant, LaSalle Management. can be served through its registered agent, William K. McConnell at 192 Bastille Lane, Suite 200, Ruston, Louisiana 71270. At all material times, this defendant was acting under color of state law. Regardless of its place of residence, the allegations against this defendant arise from its actions in the State of Texas and in this judicial district.

1.11 LaSalle Southwest, LaSalle Correction, LaSalle Center, and LaSalle Management will be referred to collectively as the LaSalle Defendants.

## II. VENUE AND JURISDICTION

2.1 Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391(b)(2) because all or a substantial amount of the events or omissions giving rise to Plaintiffs' claims occurred in Harris County, Texas and is therefore subject to personal jurisdiction in this District.

2.2 This Court has subject matter jurisdiction over the causes of action alleged in this complaint pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims arise under the Constitution, laws, or treaties of the United States, specifically, 42 U.S.C. § 1983.

2.3 This Court has personal jurisdiction over Defendants pursuant to Fed. R. Civ. P. 4(h) and Fed. R. Civ. P. 4(k)(1). Defendants LaSalle Corrections and LaSalle Center, and LaSalle Southwest have conducted, and still conduct business within this judicial district. Further, Defendants, LaSalle Corrections, LaSalle Center, and LaSalle Management, directly or through intermediaries, transport prisoners from and throughout Texas to their facilities in Louisiana,

including Billie Davis.

### III.    FACTS

3.1      In February 2021, Billie Davis was arrested for back child support and avoiding arrest. He was incarcerated in Harris County jail located at 701 N San Jacinto Street Houston, Texas 77002 as a result of these allegations. Due to alleged overcrowding, he was transferred to LaSalle Correctional Center, a private facility in La Salle Parish, Louisiana by LaSalle Southwest and/or its related other entities that are included as Defendants. While confined at LaSalle Correctional Center he was entitled to all protection afforded to him under the Fourteenth Amendment to the United Sates Constitution, including the right to adequate medical care, the right to bodily integrity and humane conditions of confinement.  While at LaSalle Correctional Center, he received serious and life-threatening injuries. On March 1, 2022, he was found unresponsive in an administrative segregation cell. When he was taken to the Hospital, despite being unconscious, he was still hand and leg cuffed. Billie Davis ultimately died because of the injuries he received at LaSalle Correctional Center. Billie Davis died from injuries suffered at LaSalle Correctional Center because of the fault and deliberate indifference of Defendants.

3.2      Following Davis's untimely death, the funeral home contacted the family, reporting suspicious looking bruises and other anomalies to the body. Reports also concluded that Billie Davis was missing multiple teeth that were in his mouth at the time of his incarceration. The jail has not provided any explanation for his death. The only information that Plaintiffs have received regarding Billie Davis's death include the facts that Billie Davis was being transferred to a private holding cell when he and the accompanying guards were involved in a physical altercation, and when the guards went to check on his private holding cell sometime later, Billie

6

Davis was found dead.

3.3     Defendant LaSalle Southwest and for the other Defendants picked up Billie Davis from Harris County Jail and transported him to LaSalle Correctional Center in Louisiana.

3.4     Upon information and belief, Billie Davis suffered extreme abuse, excessive use of force, beatings, neglect, and ultimately death while in custody at LaSalle Correctional Center.

3.5     The unconstitutional act and omissions alleged herein were carried out in accordance with the official policies, procedures, practices, and customs of the corporate defendants. These Corporate policies, procedures, practices, and customs, coupled with Harris' counties custom and practice to contract with corporate Defendants despite knowledge of their unconstitutional pratices, were the moving forces behind the unconstitutional actions that led to Billie Davis's pre-death pain and suffering and his death.

3.6     LaSalle Center has been the subject of numerous lawsuits and investigations as the result of the culture they created. There have been frequent deaths, beatings, and other violations at their facilities, yet no recourse has been made.

3.7     The same year Billie Davis was killed at LaSalle Correctional Center, it was revealed that LaSalle Corrections had been the subject of no less than nine stories of wrongful death lawsuits, class action lawsuits over forced hysterectomies, wrongful injury lawsuits, violations of Department of Labor requirements, falsification of records, inadequate employee training, among others.[2]

3.8     Some notable incidents in the LaSalle Defendant owned and operated facilities include a January 23, 2014, incident in which an inmate was found unresponsive at the Richwood

---

[2] https://louisianavoice.com/2021/02/07/lasalle-corrections-already-pounded-in-several-lawsuits-hit-by-one-400k-settlement-and-another-lawsuit-so-far-this-year/

Correctional Center, one of the LaSalle Defendant's facilities.[3] The inmate had complained of chest discomfort, headaches, and pain for about a month before his death, and that the LaSalle Defendants failed to provide the inmate with timely and adequate medical care and treatment. On the day that Williams was found unconscious, he was pronounced dead upon his transfer to University Health Conway in Monroe.

3.9     Another incident occurred on July 17, 2018, when an inmate at the Bi-State Justice Building in Texarkana alleged he was beaten, abused, and neglected by the LaSalle Defendant's staff so severely that he suffered acute renal failure, severe dehydration, blunt force trauma causing ischemic colitis, facial fractures, rib fractures, muscle loss, sepsis, pneumonia, blood clots, and hyperkalemia.[4]

3.10    Another lawsuit against the LaSalle Defendants came to fruition when an inmate was placed in an isolation cell with a "problematic inmate".[5] The two were involved in an altercation that lasted 18 minutes, and the victim was last seen alive on video at 5:22 P.M. before his seemingly lifeless body was dragged from the cell at 6:08 P.M. The inmate was transported to a local hospital where he was later pronounced dead. Upon information and belief, LaSalle Management Company is aware of the incidents in their facilities. The corporate representatives are aware that the guards in their facilities are prone to abuse, excessive use of force, beatings, and neglect. This is despite the fact that they have agreed with Harris County, to "comply with all applicable state, federal and local laws, ordinances, rules and regulations relating to the services performed hereunder," in the contract they signed with LaSalle Southwest and Harris County.[6]

---

[3] *Williams v. LaSalle Correctional Center LLC.*, 217 So.3d 1219 (2017).
[4] *Jones v. Southwestern Correctional, LLC, et al,* 2019 U.S. Dist. (Texarkana) (Pending).
[5] *White v. LaSalle Corr., Inc.*, 2017 U.S. Dist. LEXIS 40971*.
[6] Attached here, Exhibit A, as if pled verbatim in this complaint.

3.11    LaSalle Southwest and LaSalle Management transported Billie Davis to a place known to them to cause harm and violence, after agreeing to assume responsibility for security and control of prisoners in a professional manner and under an obligation to provide medical care under the Harris County contract. They failed to provide this care after Billie Davis was beaten, hog-tied, and thrown into segregation in a cell where he coded and died alone. Despite the fact they knew of his clear need for this care after he had been severally beaten by the guards, including but not limited to a fractured skull as evidenced by the picture below.

[7]

3.12    Billie Davis's teeth were knocked out and had a visible indention in his forehead, yet no medical care was provided. Medical records from Hardtner Medical Center show that by the time any care was provided that it was too late.[8]

3.13    All the entities named, working in conjunction with one another and under a corporate

---

[7] Photo taken from private autopsy April 2, 2022.
[8] Attached here, Exhibit B, as if pled verbatim in this complaint.

veil, are responsible for all the events leading up to death of Billie Davis. The abuse, the mistreatment, and the failure to provide medical care are not possible without the participation of each defendant.

3.14    Clearly, there is a history and culture of abuse, neglect, beatings, and even killings at the LaSalle Defendants facilities. There is such a continuous pattern of abuse that all city, county, and state entities should be on notice that when inmates are transferred to these facilities, they are putting their inmates lives in extreme danger.

3.15    In the years leading up to the death of Billie Davis, the LaSalle Defendants facilities in Texas routinely failed inspections. According to Brandon Wood, the Executive Director of Texas Commission on Jail Standards, the LaSalle Defendants have had "continual noncompliance issues" in Texas, more than other jail operators in the state. Defendants were to comply with Texas Jail standards as per the Contract with Defendant Harris County. *See* Exhibit A.

3.16    The LaSalle Defendant's facilities have also come under scrutiny by state lawmakers for hiring a disproportionate number of "temporarily licensed" corrections officers—taking advantage of a loophole that allowed correctional facilities to hire and staff their jails for up to one year with guards who have not gone through the basic correctional training academy. The LaSalle Defendants did this purely for monetary reasons and without regard for inmate health and welfare. Hiring these untrained guards was cheaper than hiring experienced guards or paying to send them to the corrections academy for their basic training.

3.17    All acts and omission committed by the Corporate Defendants and their employees and agents were committed in violation of applicable standard of care and with intent, malice, deliberate indifference, and/or with reckless disregard for Billie Davis's federal constitutional

rights. The acts of and omissions of the corporate defendants caused the damages alleged herein.

### IV.   CAUSES OF ACTION

a. ***Negligence of Defendants LaSalle Corrections, LLC. LaSalle Correctional Center, LLC. Southwestern Correctional, LLC. d/b/a Southwest Corrections and LaSalle Management Company***

4.1   Plaintiffs incorporate by reference the allegations of the previous paragraphs of this complaint as if each were fully set forth herein in their entirety.

4.2   Billie Davis was under the care and supervision of Defendants when his untimely death occurred.  As the entities that are tasked with watching over the inmates, they should be assumed that the facility is a safe and monitored place for incarceration. Defendants owed an undeniable duty to provide Billie Davis with a safe and secure place to serve his sentence and had or assumed a duty to exercise reasonable care in executing such duties. Defendants failed to exercise reasonable care, and such failure was negligent and a proximate cause of the incident in question and resulting damages to Plaintiffs.

4.3   The LaSalle Defendants were negligent by each of the following acts and/or omissions, among others to be proven at trial. Taken singularly or combined, these acts and/or omissions constitute negligence by the LaSalle Defendants and were a proximate cause of the incident in question and resulting damages to Billie Davis and Plaintiffs. These acts include, but are not limited to, the following:

a.   Negligent hiring of guards;

b.   Negligent training of guards;

c.   Developing policies and a culture of allowing guards to murder inmates;

d.   Developing policies and a culture of allowing guards to beat inmates;

e.   Allowing inmates to beat each other;

f.   Failing to provide adequate medical care to inmates;

g.  Failing to respond when inmates are being beaten;

h.  Failing to respond when inmates need medical assistance;

4.4     The LaSalle Defendants failed to exercise reasonable care, and such failure was negligent and a proximate cause of the incident in question and resulting damages to Plaintiffs.

### b. Vicarious Liability of Defendants LaSalle Corrections, LLC. and LaSalle Management Company LLC.

4.5     As the Parent corporation, the LaSalle Defendants had the right and ability to control the policies and operations of its subsidiaries LaSalle Center and LaSalle Southwest.

4.6     LaSalle Center and LaSalle Southwest were acting as an agent of LaSalle Corrections and LaSalle Management and were under their control when the acts and omission giving rise to this complaint occurred.

4.7     Alternatively, LaSalle Center and LaSalle Southwest, is a mere instrumentality of LaSalle Corrections, and LaSalle Management such that the corporate veil between parent and subsidiary should be pierced.

4.8     The LaSalle Defendants employed the guards that beat Billie Davis to death and the LaSalle Defendants employed the medical staff that failed to render aide to Billie Davis at all times relevant to this lawsuit. The employees were acting in the course and scope of their employment with their respective employment agreements with the LaSalle Defendants, and as such, La Salle Management is vicariously and statutorily liable for the conduct of its employees and/or other staff under theories of actual agency, apparent agency, *respondeat superior*, and/or joint venture liability.

### c. 42 U.S.C. § 1983 – Defendants LaSalle Corrections, LLC and LaSalle Correctional Center, LLC.

4.9     The LaSalle Defendants are liable under 42 U.S.C. § 1983 for violating Billie Davis's

rights under the Fourth, Eighth, and Fourteenth Amendment to the United States Constitution. This includes depriving Billie Davis of this Fourteenth Amendment right to adequate medical care and violation of his right to bodily integrity.

4.10    Based on the allegations in this complaint, the LaSalle Defendants further deprived Billie Davis of life and liberty without due process. The LaSalle Defendants further created a policy of cruel and unusual punishment.

4.11    This policy of brutality, excessive force, deprivation of liberty without due process, and cruel and unusual punishment demonstrates a conscious indifference to the clearly established constitutional rights secured to any person under the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States. The foregoing policies were the producing and proximate causes of Plaintiffs' damages.

> ### d.  42 U.S.C. § 1983: Failure to Properly Train – Defendants LaSalle Corrections, LLC, LaSalle Correctional Center, LLC., and LaSalle Management Company LLC.

4.12    The LaSalle Defendants failed to adequately train its employees in the following areas:

  a.  proper escalation of force;

  b.  the use of excessive force;

  c.  the illegality of excessive force;

  d.  the constitutional limits of the use of force;

  e.  the necessary and proper limits of force in a tense situation;

  f.  how to negotiate with an unwell inmate;

  g.  use of lethal force;

  h.  how to avoid using lethal force;

  i.  appropriate de-escalation;

j.      avoiding cruel and unusual punishment;

k.      avoiding attacks between inmates;

l.      de-escalation of attacks between inmates;

m.      monitoring inmates;

n.      classifying inmates; and

o.      avoiding interference with the parent-child relationship by avoiding killing fathers of young children.

4.13    The policy of failing to adequately train its employees shows a conscious indifference to the rights secured by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States to Billie Davis. The LaSalle Defendant's failure to properly train its employees is so reckless that misconduct by its employees was inevitable. The policy of inadequate training was a producing and proximate cause of Plaintiffs' injuries and is so pervasive as to have the force of law.

e.   **42 U.S.C. § 1983 – *Violation of Billie Davis's Fourth, Eighth and Fourteenth Amendment/Substantive Due Process Right to Maintain his Bodily Integrity***

4.14    Billie Davis was under the care and supervision of the Harris County before his untimely death occurred.  Defendant owed an undeniable and non-delegable duty to provide Billie Davis with a safe and secure place to serve his sentence and had or assumed a duty to exercise reasonable care in executing such duties.

4.15    Defendant violated Billie Davis's substantive due process rights under the Fourteenth Amendment by violating his rights to bodily integrity and rights to medical treatment following his intentional beating.  His rights protected by the Fourth and Eighth Amendments to the US Constitution were similarly violated on multiple occasions.

14

a. Allowing Billie Davis to be transferred to LaSalle Correctional Center despite having knowledge of the number of deaths and injuries occurring in the LaSalle Defendants' facilities;

b. Failure to take reasonable steps to prevent Billie Davis from receiving serious and life-threatening injuries at LaSalle Correctional Center;

c. Failure to carry out functions of keeping Harris County Jail from overcrowding, resulting in transferring Billie Davis to LaSalle Correctional Center; and,

d. Other reasons that may be realized after discovery has commenced.

4.16   The substantive due process right to maintain one's own bodily integrity is well recognized and known. *See Tyson v. Sabine*, 42 F. 4th 508, 517-18 (5th Cir. 2022) ("We have long recognized that physical abuse by a state official violates the right to bodily integrity").

4.17   Harris County engaged in the wrongful acts—described above—while acting under color of state law and did so with a reckless disregard for and with deliberate indifference to Billie Davis's rights.

4.18   As a direct and/or proximate result of the wrongful acts of Defendant, Billie Davis's constitutional rights were violated and Defendant's wrongful acts deprived Billie Davis of the rights, privileges, and/or immunities guaranteed to him by the United States Constitution.

4.19   The wrongful acts of Defendant directly and/or proximately caused grievous injuries to Billie Davis, including great distress, physical pain, mental anguish, fear, physical pain, and suffering, and ultimately death.

### f.   *Governmental Liability Under 42 U.S.C. § 1983 – Unconstitutional Policy, Custom, or Practices (Harris County)*

4.20   Plaintiffs adopt by reference all of the facts set forth above.

4.21   This cause of action is to redress the deprivation under the color of policy, custom, and practice of rights and privileges secured to Billie Davis by the United States Constitution.

15

4.22   The elements of a cause of action under § 1983 against a governmental entity are:

a.      Plaintiff was deprived of rights under the United States Constitution;

b.      Such deprivation was caused by a person acting under color of state law;

c.      The governmental entity adopted, or failed to adopt, a policy statement, ordinance, regulation or decision adopted and promulgated by the governmental entity's lawmaking officers or by an official to whom the law makers delegate law-making authority or a persistent, widespread practice of officials or employees of the governmental entity which, though not authorized or officially adopted and promulgated, the policy is so common and well settled as to constitute a custom that fairly represents policy of the governmental entity; and

d.      The promulgation of the policy by Harris County was done so with deliberate indifference to known or obvious consequences that violations of constitutional rights would occur, and the unconstitutional policy is the moving force behind the deprivation of the Plaintiff's rights.[9]

4.23   At all relevant times mentioned here, Defendant through its officials acted under the color of law, as well as under the color of policies, practices, and customs of Harris County.

4.24   Each of these customs, practices, and/or policies was actually known, constrictively known and/or ratified by Harris County was promulgated with deliberate indifference to Billie Davis's rights, as guaranteed by the United States Constitution and specifically deprived Billie Davis of his Fourth, Eighth and Fourteenth Amendment rights.

4.25   The known and obvious consequences of these policies was that Harris County would be placed in recurring situations in which the constitutional violations that occurred in this incident would result.  Plaintiffs allege that continuation of the above-mentioned practices or improper policies or customs actually cause Harris County to violate Billie Davis's constitutional rights.

4.26   As directed and/or proximate result of these customs, policies and/or practices, individually and in the aggregate, Billie Davis had the right to be secure in his person, house,

---

[9] *Zarnow v. City of Wichita Falls*, 614 F.3d 461, 166-67 (5th Cir. 2010); *see Groden v. City of Dallas,* 826 F.3d 280, 283 (5th Cir. 2016).

papers, effects against unreasonable searches and seizures, in violation of the rights guaranteed to him by U.S. CONST. amend. IV.

4.27    As directed and/or proximate result of these customs, policies and/or practices, individually and in the aggregate, Billie Davis had the right not to have excessive bail be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted, in violation of the rights guaranteed to him by U.S. CONST. amend. VIII.

4.28    As a direct and/or proximate result of these customs, policies and/or practices, individually and in the aggregate, Billie Davis had his bodily integrity violated, in violation of the rights guaranteed to him by U.S. CONST. amend. XIV.

4.29    The wrongful acts of Harris County deprived Billie Davis of the rights, privileges, and/or immunities guaranteed to him by the United States Constitution.

4.30    These customs, policies and/or practices, individually and in aggregate, directly and/or proximately caused grievous injuries to Billie Davis, including great distress, physical pain, mental anguish, fear, physical pain, and suffering, and ultimately death.

### g.   *Governmental Liability Under 42 U.S.C. § 1983 – Failure to Train and Supervise (Harris County)*

4.31    Plaintiffs adopt by reference all of the facts set forth above. *See* Fed. R. Civ. P. 10(c).

4.32    Harris County, by and through its policymakers, created and/or maintained a custom, policy and/or practice of failing to adequately train and supervise Harris County Sheriff Officers or ensure proper training of the LaSalle Defendants' guards before attempting to assign supervision of prisoners to them, knowing the LaSalle Defendants would be responsible for transportation, housing, and supervision of inmates like Billie Davis.

4.33    It was foreseeable to Harris County that violations of Billie Davis's—and other's—constitutional rights would result from its failure to adequately train and supervise Harris County

17

Sheriff and/or ensure proper training of the LaSalle Defendants' guards regarding the proper and ethical techniques in conducting transportation, care, and supervision of inmates.

## V.    PUNITIVE DAMAGES

5.1    Plaintiffs hereby incorporate by reference, as if fully set forth herein, all preceding paragraphs.

5.2    Plaintiffs are entitled to punitive damages because Defendants' wrongful acts and omissions were wanton or in conscious disregard of the rights of others.

5.3    Plaintiffs contend that the acts and/or omissions of the Defendants, were such knowing and willful violation of Texas negligence laws to amount to malicious, willful, wanton, grossly negligent and/or reckless conduct. Said acts and/or omissions were negligent as a matter of law; and were the direct, proximate, or otherwise, legal cause of Plaintiffs' injuries as such give rise to, and warrant, the imposition by a jury of significant punitive damages in an amount to the determined by the jury of no more than $10,000,000.00 dollars against Defendants.

## VI.    DAMAGES

### a.  Survival Damages

6.1    Plaintiffs incorporate by reference the allegations of the previous paragraphs of this complaint as if each were fully set forth herein in their entirety.

6.2    Plaintiffs are entitled to and brings this action in such representative capacity pursuant to Title 4, Chapter 71, Subchapter B of the Texas Civil Practice and Remedies Code, the Texas Survival statute, and Plaintiffs' Crystal Manning as next friend of L.D., a minor, Mariahlee Mansaw as next friend of P.M., a minor, Melissa Hollins as next friend of D.H., a minor, are representatives of the heirs of Billie Davis. Further, Ruby Lee Davis is also an heir of Billie Davis.

6.3   Billie Davis would have been entitled to bring an action for his injuries had he lived.

6.4   As a direct and proximate result of the previously discussed negligent conduct of Defendants, Plaintiffs, on behalf of and as heirs of Billie Davis, suffered in each of the following ways and seek compensation for each of the following:

1.   past mental anguish suffered by Billie Davis;

2.   conscious pain and suffering suffered by Billie Davis before his death;

3.   pre-death fright of Billie Davis;

4.   fear of death suffered by Billie Davis;

5.   pre-death pain, either emotionally and/or physically suffered by Billie Davis;

6.   funeral and burial expenses suffered by Billie Davis's estate;

7.   physical and/or mental pain and suffering suffered by Billie Davis;

8.   exemplary damages; and,

9.   death.

### b.   *Wrongful Death*

6.5   Plaintiffs bring this action in their capacity as surviving children and wrongful death beneficiaries under §71.004 of the Texas Civil Practice & Remedies Code. Wrongful death beneficiaries may bring a suit even after three calendar months when an administrator for the decedent's estate has not been appointed at the time that the lawsuit is filed. *Trostle v. Trostle*, 77 S.W.3d 908, 913 (Tex. App.—Amarillo 2002); *Adkison v. Polaris Indus.*, Civil Action No. 3:18-cv- 02014-M, 2020 U.S. Dist. LEXIS 6270, at *14 (N.D. Tex. 2020); *Morin v. Ford Motor Co.*, Civil Action No. 3:07-CV-1700-L, 2009 U.S. Dist. LEXIS 71746, at *10-11 (N.D. Tex. 2009).

6.6   As a direct and proximate result of the previously discussed negligent conduct of

Defendants, Plaintiffs have experienced damages under §71.004 of the Texas Civil Practice & Remedies Code, including, but not limited to, the following:

    a.      past mental anguish in the form of emotional pain, torment, and suffering experienced only by one who has suffered the loss of their father;

    b.      future mental anguish in the form of emotional pain, torment, and suffering experienced only by one who has suffered the loss of their father;

    c.      past physical pain;

    d.      future physical pain;

    e.      past medical expenses;

    f.      future medical expenses;

    g.      loss of inheritance and pecuniary loss; and

    h.      loss of wage earning capacity sustained in the past.

6.7    Plaintiffs reserve the right to plead additional and more specific damages in the future as more facts become known. Plaintiffs seek both past and future damages. Damages far exceed the minimum jurisdictional limits of this Court. Plaintiffs seek compensation from Defendants.

6.8    As such, Plaintiffs affirmatively plead that they seek monetary relief of over $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgement interest, and attorney fees; and a demand for all the other relief to which the party deems themselves entitled.

## VII.    CONDITIONS PRECEDENT

8.1    All conditions precedent to Plaintiffs' claims have occurred or been waived by Defendants.

## VIII.    JURY DEMAND

9.1    Pursuant to Federal Rule of Civil Procedure 39(b), Plaintiffs hereby demand a trial by jury.

## IX.   **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited to appear and answer herein, and that upon final trial hereof, Plaintiffs recover from said Defendants, jointly and severally, a sum within the jurisdictional limits of the Court, costs of Court, pre-judgment and post-judgment interest at the legal rate, and for any and all further relief, both general and special, legal and equitable to which Plaintiffs may be justly entitled.

Respectfully submitted,

**(SIGNATURES NEXT PAGE)**

WEBSTER VICKNAIR MACLEOD

By: /s/ Jason C. Webster
JASON C. WEBSTER
Federal Bar No. 39010
HEIDI O. VICKNAIR
Southern District Bar No. 568715
6200 Savoy Drive, Suite 150
Houston, Texas 77036
713.581.3900 (telephone)
713.581.3907 (facsimile)
filing@thewebsterlawfirm.com

and

Jason M. Byrd
Texas Bar No. 24036303
jason@txbyrd.com
The Byrd Law Firm
448 Orleans Street
Beaumont, Texas 77701
(409) 924-0660 – Telephone
(409) 924-0035 – Facsimile

ATTORNEYS FOR PLAINTIFFS