IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CRYSTAL MANNING, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | Case No. 4:23-cv-01115 |
| | § | |
| LASALLE CORRECTIONS LLC, et al., | § | |
| | § | |
| Defendants. | § | |

## EMERGENCY MOTION FOR PROTECTION FROM PRE-ANSWER DISCOVERY

Defendants, LaSalle Correctional Center, L.L.C. and LaSalle Corrections, LLC (the "Louisiana Defendants"), ask this Court to enter a protective order precluding pre-answer discovery without waiver of any jurisdictional and venue arguments in the pending motion to dismiss. (ECF 68).

## INTRODUCTION

Plaintiffs allege various Section 1983 and common-law claims against five different defendants arising out of the detention of Bille Davis at the LaSalle Correctional Center in LaSalle Parish, Louisiana. (ECF 61). Plaintiffs have now served discovery on four different Defendants. It is premature. No Louisiana Defendant has filed an answer and no Joint Discovery/Case Management Plan has been filed for the Louisiana Defendants. *See* FED. R. CIV. P. 26(f). (*See* Docket, generally).

The Louisiana Defendants' motion to dismiss is pending, which includes lack of personal jurisdiction and improper venue arguments. (ECF 68). Plaintiffs filed their response on August 15, 2024. (ECF 78). After an unopposed motion to extend the deadline, the Louisiana Defendants filed a reply on September 5, 2024. (ECF 81, 85). This motion to dismiss is now ripe for ruling.

The Louisiana Defendants continue to assert lack of personal jurisdiction under Rule 12(b)(2) and improper venue under Rule 12(b)(3) in the motion to dismiss and in this motion.[1]

On August 13, 2024 at 5:58 pm, Plaintiffs sent an email with 120 pages of *merit-based* discovery in the form of requests for admission, requests for production, and interrogatories to LaSalle Correctional Center, L.L.C.; LaSalle Corrections, LLC; LaSalle Management Company, LLC; and Southwestern Correctional, LLC.  (*See* Appendix, pp. 9–128).  Then, on August 15, 2024, Plaintiffs' response to the pending motion to dismiss agreed that the claims against LaSalle Corrections, LLC should be dismissed.  (ECF 78, p. 7 ("Plaintiffs agree that LaSalle Corrections, LLC should be dismissed based upon the evidence submitted.")).  Still, there is outstanding discovery to LaSalle Corrections, LLC that was originally due on September 12, 2024.

## ARGUMENT

This Court should stay all pre-answer discovery to all defendants until the jurisdictional, venue, and, if necessary, the *Monell*[2] arguments have been resolved.

As the Court was informed during the telephonic hearing on August 16, 2024, the undersigned was out of town for the funeral of a relative, and returned August 19, 2024.  More time has been necessary to assist in handling his affairs and probate, including meetings this week.  Also, the undersigned was previously scheduled for a medical procedure on August 22, 2024 and August 29, 2024.  Further procedures were previously scheduled for September 5 & 9, 2024.

---

[1]    "This court has long held that a non-resident defendant may participate in litigation without submitting to the court's jurisdiction so long as it maintains its objection to personal jurisdiction."  *Hines v. Stamos*, No. 23-30826, 2024 WL 3580618, at *7 (5th Cir. July 30, 2024) (quoting *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins.*, 921 F.3d 522, 540 (5th Cir. 2019)).  So, "a non-resident defendant may 'simultaneously protest personal jurisdiction while vigorously advocating the merits of his case.'"  *Id.* (quoting *Halliburton Energy Servs.*, 921 F.3d at 540); *Toshiba Int'l Corp. v. Fritz*, 993 F. Supp. 571, 573–74 (S.D. Tex. 1998) (same).

[2]    *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

At the conclusion of the telephonic hearing on Plaintiffs' unopposed motion for continuance on August 16, 2024, the undersigned mentioned the recent merits-based discovery that was served and the Court advised that all counsel needed to discuss it and the Court would conduct another telephonic hearing if necessary. It appears that a hearing will be necessary before the deadline to respond to the discovery.

On August 26, 2024, the undersigned had a telephone conference with Jason Byrd and Clayton Quinn, counsel for Plaintiffs, where the issue of the propriety of pre-answer discovery was discussed. Given that the August 29, 2024 medical procedure, mentioned above, was pending the undersigned requested the telephonic conference to discuss the merits of pre-answer discovery and to advise that an emergency motion for protective order may need to be filed unless the discovery served could be delayed. Mr. Byrd advised that they needed to review case law on pre-answer discovery and advised that they would get back to the undersigned, but also stated that they thought they needed to commence discovery. While this issue was being further reviewed, Plaintiffs agreed to an extension to respond to all discovery until October 14, 2024.

Then, on the evening of September 6, 2024, Plaintiffs filed a motion for leave to conduct discovery, contending that it was discussed in the August 26, 2024 phone call and was opposed by the undersigned. (ECF 87). The issues raised in Plaintiffs' motion for leave will be addressed in a response filed in accordance to the Local Rules.

Despite multiple emails requesting another phone conference on the discovery issues, Plaintiffs have not returned any message left or called in response to an email requesting a telephonic discussion. Plaintiffs simply contend that they are entitled to conduct pre-answer discovery.[3] On September 9, 2024, another email was sent to Plaintiffs' counsel advising that this

---

[3]   *See* Appendix, p. 3 ("So you need to be of the mindset you plan to answer discovery."); *id*. p. 4 ("We are entitled to discovery under the federal rules regardless of your plea to the jurisdiction.").

3

emergency motion was being filed in advance of any possible impact from Hurricane Francine. But for these issues involving a lack of phone contacts from Plaintiffs and the effect of the medical procedures on the undersigned, this motion would have been filed sooner.

**A)      Pre-Answer Discovery Should Not be Permitted.**

A district court may exercise its "sound discretion" with respect to discovery matters. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir.1994) (internal quotation marks and citation omitted).  Here, the Louisiana Defendants are actively contesting personal jurisdiction and venue, but Plaintiffs are attempting to end-run Rule 12(b)(2) and (3) by forcing foreign entities to protect their interests to defend discovery in Texas while a motion to dismiss is pending.

There is no basis for pre-answer discovery at this time.  Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); FED. R. CIV. P. 8(a)(2).  The Rules prohibit a party from seeking discovery from "any source" before the parties have conducted a Rule 26(f) conference, except when authorized by the Rules, stipulation, or court order. FED. R. CIV. P. 26(d).  "Plaintiffs, instead of properly seeking an Order of this Court granting expedited discovery, simply propounded discovery requests before the time authorized by Rule 26(d)." *See Casey v. Guitar Ctr., Inc.*, No. CV 09-6681, 2010 WL 11707373, at *2 (E.D. La. Feb. 5, 2010).[4]

A court may, in its discretion, control the scope and timing of discovery in the interests of justice. FED. R. CIV. P. 26(d)(2).  Here, there has been no Rule 26(f) conference, no ruling on any motion to dismiss, and no answers have been filed by any defendant.  Thus, the discovery period has not yet begun.  Discovery served at the time an initial Rule 12 motion is filed is simply too

---

[4]      As noted above, Plaintiffs served the discovery on August 13, 2024.  But they didn't request leave to serve it until September 6, 2024.  (ECF 87).

early.  *See Garcia v. Castro*, No. 2:15-CV-440, 2017 WL 228278, at *5–6 (S.D. Tex. Jan. 19, 2017) (finding Rule 12 dismissal of certain claims rendered some discovery requests irrelevant).

Under the current procedural posture of this case, there is no need for Plaintiffs to commence discovery on the merits.  A federal district court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)).  A court may, upon a showing of good cause, issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  FED. R. CIV. P. 26(c)(1).

Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."  *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garret*, 571 F.2d 302, 306 (5th Cir. 1990)) (citation omitted).  The voluminous discovery in the Appendix—focused exclusively on the merits—is clearly burdensome given the Louisiana Defendants' pending motion to dismiss that actively disputes jurisdiction and venue in this district.

Good cause also exists when "resolving a motion to dismiss might reduce or preclude the need for discovery or when 'further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions.'"  *Ideus v. Deere & Co.*, No. 2:22-CV-00132, 2023 WL 3040303, at *1 (S.D. Tex. Feb. 16, 2023).[5]  This includes the discretion to stay discovery while a motion to dismiss is pending, if the disposition of the motion to dismiss "might preclude the need for the discovery altogether."  *Starrett v. Lockheed Martin Corp.*, No. 3:17-CV-00988-D-BT, 2018

---

[5]    Quoting *James J. Flanagan Shipping Corp. v. Port of Beaumont of Jefferson Cnty., Tex.*, No. 1:20-CV-191, 2020 WL 4365595, at *1 (E.D. Tex. July 29, 2020) (quoting *Fujita*, 416 F. App'x at 402).

WL 10345320, at *1 (N.D. Tex. Mar. 9, 2018) (quoting *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990)).[6]

Another basis for a stay exists. Plaintiffs seek pre-answer merits discovery, sometimes referred to as "expedited discovery." In short, "expedited discovery is not the norm." *ELargo Holdings, LLC v. Doe-68.105.146.38*, 318 F.R.D. 58, 61 (M.D. La. 2016). One factor in evaluating expedited discovery is whether Plaintiff's claims could "withstand a motion to dismiss." *See Mary Kay Inc. v. Beyou-Cosmetics storefront on www.eBay.com*, No. 3:21-CV-1074-B, 2021 WL 2315097, at *1 (N.D. Tex. June 7, 2021) (quoting *Combat Zone Corp. v. Does*, No. 4:12-cv-2750, 2012 WL 12898022, at *1–2 (S.D. Tex. Sept. 17, 2012)). Here, multiple Rule 12 grounds for dismissal clearly exist.[7]

Expedited discovery should be granted *only* in exceptional instances. *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004); *Rodale, Inc. v. U.S. Preventive Med., Inc.*, No. 4:08-CV-120, 2008 WL 4682043, at *1 (E.D. Tex. Oct. 21, 2008) (same). In limited circumstances, "district courts have allowed expedited discovery 'when there is some showing of irreparable harm that can be addressed by limited, expedited discovery.'" *Imani v. City of Baton Rouge*, No. CV 17-439-JWD-EWD, 2017 WL 3142473, at *2 (M.D. La. July 25, 2017) (quoting *ELargo Holdings*, 318 F.R.D. at 61). Here, no harm is shown.

---

[6] *See also Shugart v. Hoover*, No. 4:17-CV-633-ALM-CAN, 2018 WL 4600308, at *13 (E.D. Tex. Jan. 26, 2018) (stay of discovery appropriate where disposition of motion to dismiss "might preclude the need for the discovery altogether thus saving time and expense" (quoting *Landry*, 901 F.2d at 436)), *adopted by*, 2018 WL 2454676 (E.D. Tex. June 1, 2018).

[7] *See also Prevent U.S.A Corp. v. Volkswagen AG*, No. 2:22-CV-00506-JRG-RSP, 2024 WL 2988238, at *1 (E.D. Tex. June 3, 2024) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.") (quoting *Petrus*, 833 F.2d at 583)); *Stanissis v. Dyncorp Int'l LLC*, No. 3:14-cv-2736-D, 2014 WL 7183942, at *1 (N.D. Tex. Dec. 17, 2014) (court has broad discretion and inherent power to stay discovery while a motion to dismiss is pending); *Von Drake v. Nat'l Broad. Co.*, No. 3:04-CV-652-R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (court has discretion to stay discovery if the disposition of motion to dismiss might preclude the need for discovery altogether) (citing *Landry*, 901 F.2d at 436).

Nor can Plaintiffs show good cause. "[T]he fact remains that [Plaintiffs] propounded discovery *before* seeking the Court's intervention." *See Casey*, 2010 WL 11707373, at *2 (quoting *Estelle v. FMC Techs.*, No. 07-01559, 2007 WL 3231542, at * 3 (E.D. La. Oct. 29, 2007)) (emphasis added). Nor can Plaintiffs show good cause for expedited discovery even if they had timely sought this Court's approval to propound any. In a "good cause" analysis, a court must examine the discovery request "on the entirety of the record to date and the ***reasonableness*** of the request in light of all the surrounding circumstances." *St. Louis Group, Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011).[8] "The burden of showing good cause is on the party seeking the expedited discovery." *Id*. at 240.[9] Plaintiffs cannot meet this burden.

"Moreover, the subject matter related to requests for expedited discovery should be *narrowly tailored in scope*." *Id*. (emphasis added).[10] Over 120 pages of full-blown merits-based discovery is hardly narrowly tailored. *See id*.[11] The premature discovery propounded is beyond overly broad, much of it is unlimited in time, scope, or jail location. *See, e.g.*, *Chanel, Inc. v. The Individual, P'ship, or Unincorporated Ass'n*, No. 4:14-CV-2617, 2014 WL 12605584, at *1 (S.D. Tex. Oct. 17, 2014) (Ellison, J.) (discussing requisite "narrow scope of expedited discovery") (style cleaned up).

Discovery should be stayed until the Court advises which claims, if any, remain. "The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable

---

[8]    Quoting *Ayyash v. Bank Al-Madina,* 233 F.R.D. 325, 327 (S.D.N.Y. 2005) (quoting in turn *Merrill Lynch, Pierce, Fenner, & Smith, Inc. v. O'Connor,* 194 F.R.D. 618, 624 (N.D. Ill. 2000) (emphasis in original)).

[9]    Citing *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).

[10]    Citing *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 275 (N.D. Cal. 2002).

[11]    Citing *Dimension Data N. Am., Inc. v. Netstar-1, Inc.,* 226 F.R.D. 528, 532 (E.D.N.C. 2005) (denying plaintiffs' motion for expedited discovery where discovery was not narrowly tailored). *See also Monsanto Co. v. Woods,* 250 F.R.D. 411, 413 (E.D. Mo. 2008) (courts generally deny motions for expedited discovery if discovery requests are overly broad).

*without discovery*, not to find out if it has any basis for a claim." *Reed v. Gautreaux*, No. CV 19-130-SDD-RLB, 2019 WL 6219780, at *2 (M.D. La. Nov. 21, 2019).[12] "[A] plaintiff cannot engage in discovery in an attempt to obtain facts that support a currently baseless claim." *Id.*

Plaintiffs did not request leave to commence pre-answer discovery. *See Casey*, 2010 WL 11707373, at *2. Given the pending jurisdictional and venue arguments that still need resolution, the claims against the Louisiana Defendants are currently baseless. *See Reed*, 2019 WL 6219780, at *2. Further, "[t]he parties have very minimal ties to Texas." *El Pollo Loco, S.A. de C.V.*, 344 F. Supp. 2d at 991. This Court should disallow all discovery requested at this time.

### CONCLUSION

This Court should enter a protective order relieving all defendants from being required to respond to any pre-answer discovery. Counsel also requests that this matter be set for a telephonic hearing as noted above. In the interim, counsel requests that a preliminary Order be entered staying any obligation to respond to the discovery in the Appendix to avoid the expense of responding or risk forfeiting objections until the Court has had the opportunity to hear arguments on the issues raised in this motion.

---

[12] Quoting *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) (emphasis in original) (citing *Netto v. AMTRAK,* 863 F.2d 1210, 1216 (5th Cir. 1989)).

Respectfully submitted,

**HORNE ROTA MOOS, LLP**

By:    */s/ Marvin C. Moos*
         MARVIN C. MOOS
         State Bar No.: 14413900
         JOSHUA ANDERSON
         State Bar No.: 24027198

2777 Allen Parkway, Suite 1200
Houston, Texas 77019
(713) 333-4500
(713) 333-4600 - Facsimile
mmoos@hrmlawyers.com

ATTORNEY-IN-CHARGE FOR
DEFENDANTS **LASALLE
CORRECTIONAL CENTER, L.L.C. and
LASALLE CORRECTIONS, LLC**

## CERTIFICATE OF CONFERENCE

Counsel for the Louisiana Defendants conferred with Jason Webster, counsel for Plaintiffs, via email on September 10, 2024. Plaintiffs are opposed to the relief requested in this motion.

         */s/ Marvin C. Moos*
         MARVIN C. MOOS

9

## CERTIFICATE OF SERVICE

I hereby certify that on **September 10, 2024**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Jason C. Webster**
**Heidi O. Vicknair**
**Ryan S. Macleod**
**Clayton S. Quinn**
WEBSTER VICKNAIR MACLEOD
6200 Savoy Drive, Suite 150
Houston, Texas 77036
filing@thewebsterlawfirm.com
*Attorneys for Plaintiffs*

**Jason M. Byrd**
The Byrd Law Firm
448 Orleans Street
Beaumont, Texas 77701
jason@txbyrd.com
*Attorneys for Plaintiffs*

**Gregory Burnett**
HARRIS COUNTY ATTORNEY'S OFFICE
1019 Congress Street
Houston, Texas 77002
Gregory.Burnett@Harriscountytx.Gov
*Attorneys for Harris County*

_/s/ Marvin C. Moos_
MARVIN C. MOOS